## TOOELE VALLEY RY. CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 6030.   Decided April 1, 1939.   (88 P. 2d 555.)

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *J. Lambert Gibson,* of Salt Lake City, for defendants.

PRATT, Justice.

Carl Anderson was repairing a telegraph line for the Tooele Valley Railway Company. In order to do so he climbed a tree. A limb broke, and he fell and was injured. The Industrial Commission awarded him compensation. The Railway Company seeks this review on the theory that Anderson was engaged in interstate commerce.

The Company owns a short railroad entirely within the State of Utah. In conjunction therewith, it owns and operates a telegraph line—also entirely within the State. The road carries both interstate and intrastate freight. The telegraph line is used for messages concerning each class of shipments. Interstate messages are relayed over outside lines.

At the time of the repair neither an interstate shipment nor a message of interstate character was awaiting the repair to be shipped or transmitted. The testimony shows that although the line was out of order there was no interruption of the train service.

Counsel for defendants stress this latter fact as evidence that the telegraph line was not necessary and essential to the successful operation of the road as an interstate carrier. This contention carried to its logical conclusion produces an interesting result. It is this: Should the Commission conclude that any instrumentality, though used as part of a system in interstate commerce, was superfluous, then the Commission would determine that that instrumentality was not used in interstate commerce. In other words, were counsel's theory adopted, one of the questions for the Commission to decide would be: Was the road efficiently conducted? We do not think that such is the purport of the cases upon which counsel for defendants rely. The real question is whether or not the instrumentality was used as a part of the system in interstate commerce or was so closely connected therewith as to constitute a part thereof. It is not a question of whether or not the instrumentality might well be dispensed with without detriment to the interstate usage.

We are of the opinion that the principles set out in the case of *Steward* v. *Industrial Commission of Utah*, 80 Utah 394, 15 P. 2d 334, are applicable here. The repair of the telegraph line was the repair of an instrumentality used in interstate commerce. We see no difference in principle between it and the batteries in the case cited above. Parts of a system used in interstate commerce may become obsolete or worthless and might very readily be dispensed with without serious injury to the system, but so long as they are used as a part of that system they retain their interstate character and their repair is in interstate commerce.

The fact that the road and line lie entirely within the State of Utah is not conclusive of their being in intrastate commerce. It may be some evidence of that fact, but the use and not the location is the governing factor.

The award of the Industrial Commission is set aside.

WOLFE, and McDONOUGH, JJ., concur.

MOFFAT, Chief Justice (dissenting).

I dissent for the reasons stated in the dissenting opinion in the case of *Harrington* v. *Industrial Commission of Utah et al.,* 96 Utah 544, 88 P. 2d 548, March 30, 1939.

LARSON, Justice (dissenting).

I dissent for the reasons stated in the dissenting opinion in the case of *Harrington* v. *Industrial Commission of Utah et al.,* 96 Utah 544, 88 P. 2d 548, March 30, 1939.